UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STANLEY NORTON, ET AL.

VERSUS

LIVINGSTON PARISH DETENTION
CENTER, ET AL.

CIVIL ACTION

NO. 13-437-JJB-SCR

## RULING

This matter is before the Court on the following motions: (1) Defendants Parish of Livingston and Courtney Chaney's Motion [doc. 35] for Clarification Concerning the Court's Ruling on Defendants' Motions to Dismiss; (2) Defendants Jason Ard, Willie Graves, Jim Brown, Thomas Martin, Jeremy Tripp, Joshua Groce, Jacob McKnight, and Bryan Allen's Motion [doc. 43] to Dismiss Pursuant to Rule 12(b)(6); and (3) Defendants Paul Gore and Matthew Walker's Motion [doc. 47] to Dismiss Pursuant to Rule 12(b)(6).[1] The plaintiffs opposed both motions to dismiss, but they have not opposed the motion for clarification. (Docs. 48 & 50). There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1331. For the reasons provided herein, the Court: (1) **GRANTS** the Defendants Parish of Livingston and Courtney Chaney's Motion [doc. 35] for Clarification Concerning the Court's Ruling on Defendants' Motions to Dismiss; (2) **GRANTS IN PART** the Defendants Jason Ard, Willie Graves, Jim Brown, Thomas Martin, Jeremy Tripp, Joshua Groce, Jacob McKnight, and Bryan Allen's Motion [doc. 43] to Dismiss Pursuant to Rule 12(b)(6); and (3) **GRANTS IN PART** the Defendants Paul Gore and Matthew Walker's Motion [doc. 47] to Dismiss Pursuant to Rule 12(b)(6). As a result of this ruling, the Court **REMANDS** the remaining state law claims to the 21st Judicial District Court of Livingston Parish, Louisiana.

---

[1] In their motion to dismiss, Defendants Paul Gore and Matthew Walker adopt and incorporate the reasons contained in the motion to dismiss filed by Defendants Jason Ard, Willie Graves, Jim Brown, Thomas Martin, Jeremy Tripp, Joshua Groce, Jacob McKnight, and Bryan Allen. (Doc. 47).

1

**Background**

In the previous ruling, the Court delineated the facts alleged in the plaintiffs' amended complaint, and thus, the Court will not recount those facts at-length in the present ruling. (*See* doc. 30). In that prior ruling, the Court granted both the Defendant Jason Ard's and Defendant Parish of Livingston's motions to dismiss. As a result, the Court dismissed the plaintiffs' Section 1983 claims against Defendant Sheriff Jason Ard and Defendant Livingston Parish. The Court did give the plaintiffs 21 days to amend their complaint, in order to potentially plead sufficient facts to overcome the motions to dismiss. Yet, the plaintiffs failed to amend, and thus, the Section 1983 claims against Defendant Ard and Defendant Parish of Livingston are no longer pending before this Court. Subsequently, the defendants filed the three pending motions, which the Court will address seriatim.

1. Defendants Parish of Livingston and Courtney Chaney's Motion for Clarification Concerning the Court's Ruling on Defendants' Motions to Dismiss [Doc. 35]

    In the prior rulings on the defendants' motions to dismiss, the Court failed to analyze whether it must also dismiss the claims filed against Nurse Courtney Chaney. Defendant Parish of Livingston sought dismissal of these claims through an additional Supplemental Memorandum (doc. 27) to its motion to dismiss. As a result, the Court will now clarify its ruling on the previous motions to dismiss, specifically as it relates to the federal claims asserted against Defendant Courtney Chaney.

    In the additional Supplemental Memorandum, the defendants sought to dismiss the claims against Defendant Chaney primarily because the plaintiffs added these claims in an amended complaint that was filed over a year after the alleged incident. (Doc. 27, p. 1–2). Accordingly, the defendants argued that any claims against Defendant Chaney were barred by

prescription. (Doc. 27, p. 2). Furthermore, the defendants alleged that the claims against Defendant Chaney were actually medical malpractice claims. As the plaintiffs failed to assert a single medical malpractice claim in the original state court petition, the defendants claimed that these medical malpractice claims constituted an entirely new cause of action, and thus, there was no relation back to the filing of the original petition. (Doc. 27, p. 2–3). Finally, the defendants claimed that the plaintiffs failed to plead sufficient facts on which relief can be granted with regards to the claims asserted against Defendant Chaney.

In their opposition, the plaintiffs averred that the claims against Defendant Chaney related back to the filing of the original petition, pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 29, p. 1). Furthermore, the plaintiffs claimed that they pleaded sufficient facts to show Defendant "Chaney's deliberate indifference to Darrin Norton's medical needs, which is a violation of the Eighth Amendment and 42 U.S.C.A. § 1983." (Doc. 29, p. 3).

While the defendants attempt to characterize the plaintiffs' claims as medical malpractice claims, the plaintiffs do not argue or even reference any hypothetical medical malpractice claims in their response to the supplemental memorandum. (*See* doc. 29). Accordingly, the Court finds that any hypothetical medical malpractice claims have been abandoned by the plaintiffs, and thus, are not currently pending before this Court.

For purposes of this ruling, the Court must determine whether the federal claims against Defendant Courtney Chaney were timely raised by the plaintiffs. The plaintiffs' sole argument for timeliness is that the amended complaint "related back" to the filing of the state court petition as to the claims brought against Defendant Courtney Chaney. The present plaintiffs filed the first amended complaint on August 15, 2013, wherein, for the first time, the plaintiffs attempted to assert a cause of action against Defendant Chaney. However, the alleged incident occurred on

June 17, 2012. (Doc. 15, p. 5). Accordingly, the plaintiffs filed the amended complaint over a year after the incident. It is well-settled that there is a one-year limitation period applicable to the plaintiffs' claims in the present matter. *See Cook v. Lamont*, 2013 WL 325557, at *2 (M.D. La. Jan. 28, 2013) (citing *Moore v. McDonald*, 30 F.3d 616 (5th Cir. 1994)). *See also Clifford v. Gibbs*, 298 F.3d 328 (5th Cir. 2002) ("Pursuant to well-settled jurisprudence, the limitations period applicable to the plaintiff's claims in this case is one year."). Thus, because the one-year limitation period had expired at the time the plaintiffs filed the amended complaint, the Court must determine if the amended complaint related back to the filing of the original state court petition in order to decide if the plaintiffs timely filed the federal claims against Defendant Chaney.

This situation is unique in that the plaintiffs filed the original petition in state court, the one-year limitation period expired on June 17, 2013, the defendants subsequently removed the case to federal court, and then the plaintiffs filed the amended complaint adding these claims against Defendant Chaney. As a result, the Court must initially determine whether the Federal Rules of Civil Procedure or the Louisiana Code of Civil Procedure controls the "relation back" issue. While this area of the law is somewhat uncertain, the plaintiffs filed the motion to amend and the amended complaint after the case had been removed to this Court. *See Dietz v. McAdams-Norman Property, II, LLC*, 2013 WL 247651, at *2–3 (W.D. Va. Jan. 23, 2013) (citing Francis M. Dougherty, *Rule 15(c), Federal Rules of Civil Procedure, or State Law As Governing Relation Back of Amended Pleading*, 100 A.L.R. Fed. 880 (1990 & 2011 Supp.) ("Notably, there is no general consensus as to whether state law or federal law should apply to the question of whether a new claim should relate back to the original complaint."). "[I]t is clear that the Federal Rules of Civil Procedure 'apply to a civil action after it is removed from a state

4

court.'" *Id.* at *3 (quoting Fed. R. Civ. P. 81(c)(1)). As the plaintiffs filed the amended complaint after removal, this Court will apply Rule 15(c) of the Federal Rules of Civil Procedure to determine whether the amended complaint relates back to the filing of the original petition.

Based on this Court's review, Rule 15(c) does not allow relation back in the situation at hand. Specifically, this is not a case where the plaintiffs mistakenly identified a particular party and sought to change that party through the amended complaint. Under Rule 15(c)(1)(C), an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" will relate back to the filing of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," the new party "received such notice of the action that it will not be prejudiced in defending on the merits," and the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1). In adding Defendant Courtney Chaney, the plaintiffs did not simply correct a mistakenly-identified defendant. Instead, the plaintiffs added an entirely new defendant, an individual who was not mentioned at any point in the original state court petition. As the Eastern District of Louisiana previously stated, "under the relation back framework, when an amended complaint adds 'an additional defendant, not a misnamed defendant,' the amendment is essentially the filing of a new cause of action, **and the relation back rule does not apply**." *Smith v. Auto Club Family Ins. Co.*, 2008 WL 5110590, at *3 (E.D. La. Nov. 25, 2008) (citing *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006); *Ray v. Alexandria Mall*, 434 So. 2d 1083, 1085–87 (La. 1983)). Accordingly, because this is a situation where the plaintiffs attempted to add a wholly-new defendant after the expiration of the prescriptive period, the amended complaint does not relate back to the original state court

petition under Rule 15 of the Federal Rules of Civil Procedure, at least with regards to the Section 1983 claims filed against Defendant Courtney Chaney. Therefore, the plaintiffs failed to timely bring the Section 1983 claims against Defendant Chaney, and thus, the federal claims must be dismissed. It must be emphasized that the Court is not ruling on any lingering state-law claims filed against Defendant Courtney Chaney, as the timeliness and validity of those claims will be dealt with by the state court upon remand of this case.

2. <u>Defendants Jason Ard, Willie Graves, Jim Brown, Thomas Martin, Jeremy Tripp, Joshua Groce, Jacob McKnight, and Bryan Allen's Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. 43]</u>

Initially in the motion to dismiss, the Defendant Jason Ard seeks dismissal of the remaining state law claims against him, as he alleges that the plaintiffs failed to plead sufficient facts to support a claim, or alternatively, the plaintiffs failed to plead sufficient facts to overcome Defendant Ard's immunity afforded by La. R.S. § 9:2798.1 for policymaking or discretionary acts. (Doc. 43, p. 1). Furthermore, Defendants Willie Graves, Jim Brown, Thomas Martin, Jeremy Tripp, Joshua Groce, Jacob McKnight, and Bryan Allen seek dismissal of the claims brought against them in the amended complaint, because they assert that the plaintiff failed to timely bring those claims. (Doc. 43, p. 1–2).

    a. *Timeliness of Section 1983 Claims*

The Court will first turn its attention to the Section 1983 claims against Defendants Willie Graves, Jim Brown, Thomas Martin, Jeremy Tripp, Joshua Groce, Jacob McKnight, and Bryan Allen. With regards to these claims, the defendants' only contention is that these claims must be dismissed because the plaintiffs joined these defendants after the expiration of the one-year prescription period. The defendants claim that the filing of the original petition did not

6

interrupt the one-year period, and the amended petition cannot relate back pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

As aforementioned, the plaintiffs filed the amended complaint almost two months after the one-year anniversary of the alleged incident. Accordingly, the federal claims were brought after the expiration of the one-year prescriptive period for Section 1983 claims. Nevertheless, the plaintiffs argue the newly-added Section 1983 claims against these defendants were timely because the filing of the original petition interrupted the one-year prescriptive period and the amended complaint relates back to the filing of the original petition. Similar to above, the Court finds that relation back under Rule 15(c) does not apply to the present situation, as the plaintiffs joined entirely-new parties in the amended complaint, as opposed to correcting a mistakenly-named party. Therefore, the Court will now address the plaintiffs' second argument for timeliness—that filing suit against Defendant Jason Ard interrupted the limitation/prescriptive period as to the federal claims against these named individuals.

In a previous case, the Western District of Louisiana provided the following:

> The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim arose. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by Louisiana Civil Code article 3492 in a § 1983 action. The date of accrual for a § 1983 claim is a question of federal law. **However, federal courts look to state law for its tolling provisions.**

*Giles v. Ackal*, 2012 WL 1458117, at *2 (W.D. La. March 27, 2012), *report and recommendation adopted*, 2012 WL 1458110 (W.D. La. April 26, 2012) (internal citations omitted). *See also Fruge v. Conoco, Inc.*, 679 F. Supp. 615, 617 (W.D. La. 1988) (quoting *Williams v. United States*, 353 F. Supp. 1226, 1231 (E.D. La. 1973) ("Thus, '[w]hen the federal courts borrow a state statute of limitations to decide a federal cause, the entire state limitations

law, including its tolling provisions, is generally applied.'"). Here, the Court applies Louisiana's one-year prescriptive period for the Section 1983 claims, as any federal claims arose in Louisiana. *See* La. Civ. Code art. 3492.

The Louisiana Civil Code provides that "[p]rescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ. Code art. 3462. "If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption." La. Civ. Code art. 3466. The 1982 revision comments to Article 3462 provide that "[t]he filing of suit in a court of competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon, provided the plaintiff is a proper party plaintiff and the defendant is a proper party defendant." La. Civ. Code art. 3462 cmt. (b). Furthermore, "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. Civ. Code art. 2324(C). "The same rule [also] applies with respect to solidary obligors." *Adams v. Dupree*, 663 So. 2d 433, 435 (La. App. 4 Cir. 1995) (citing La. Civ. Code arts. 1799, 3503).

As this Court found in its prior ruling, the plaintiffs failed to plead sufficient facts to state a cause of action under Section 1983 against Defendant Ard. (*See* doc. 30). As mentioned above, "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. Civ. Code art. 2324. However, "[w]hen no liability is found on the part of a timely sued alleged tortfeasor, prescription will not be interrupted as to another joint tortfeasor, who is not timely sued, since no joint or solidary obligation exists." *Joseph v. Port of New Orleans*, 2002 WL 342424, at *13 (E.D. La. Mar. 4, 2002). *See also Gioustover v. Progressive American Ins. Co.*, 561 So. 2d 961, 964 (La. App. 4 Cir. 1990) ("The law is equally clear that

where no liability is found on the part of a timely sued alleged tortfeasor, prescription will not be interrupted as to another joint tortfeasor, who is not timely sued, since no joint or solidary obligation exists."). Based on this Court's dismissal of the Section 1983 claims in the previous ruling, Defendant Ard is not liable to the plaintiffs on the Section 1983 claims as a matter of law. Thus, there can be no joint and solidary liability between Defendant Ard and these newly-added defendants as to any Section 1983 claims. *See Joseph*, 2002 WL 342424, at *13. Accordingly, because there is no joint and solidary obligation between Defendant Ard and these newly-named defendants, there was never an interruption of prescription for the Section 1983 claims as to these newly-added defendants. Therefore, any Section 1983 claims against these late-added defendants must be dismissed as untimely, because they were filed over a year after the alleged incident without any relevant interruption of prescription.

3. Defendants Paul Gore and Matthew Walker's Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. 47]

For similar reasons as above, the Section 1983 claims against Defendant Paul Gore and Defendant Matthew Walker must be dismissed as untimely. There is no joint and solidary obligation as to any Section 1983 claims, and as a result, there was no interruption of prescription on the Section 1983 claims. Consequently, the Section 1983 claims against Defendant Paul Gore and Defendant Matthew Walker must also be dismissed as untimely.

4. Supplemental Jurisdiction

Based on the Court's review, the only possibly remaining claims in this case are state law claims. Under 28 U.S.C. § 1367, [t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As the Court has dismissed all of the claims over

9

which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over this case, as only state law claims remain pending at this early stage of the litigation. Accordingly, the Court will remand the case to the 21st Judicial District Court of Livingston Parish, Louisiana.

## Conclusion

Therefore, the Court: (1) **GRANTS** the Defendants Parish of Livingston and Courtney Chaney's Motion [doc. 35] for Clarification Concerning the Court's Ruling on Defendants' Motions to Dismiss; (2) **GRANTS IN PART** the Defendants Jason Ard, Willie Graves, Jim Brown, Thomas Martin, Jeremy Tripp, Joshua Groce, Jacob McKnight, and Bryan Allen's Motion [doc. 43] to Dismiss Pursuant to Rule 12(b)(6); and (3) **GRANTS IN PART** the Defendants Paul Gore and Matthew Walker's Motion [doc. 47] to Dismiss Pursuant to Rule 12(b)(6). As a result of this ruling, the Court **REMANDS** the case to the 21st Judicial District Court of Livingston Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on March 19, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**